NO. 07-05-0108-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 22, 2005

_____


BALDEMAR ARMENDARIZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3603; HONORABLE RON ENNS, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**ABATEMENT AND REMAND**


Following a plea of not guilty, appellant Baldemar Armendariz was convicted by a jury of delivery of cocaine and punishment was assessed at 27 years confinement and a $10,000 fine. The clerk's record and reporter's record have both been filed. Appellant's brief was due to be filed on June 22, 2005, but has yet to be filed. Also, no motion for

extension of time has been filed. By letter dated June 29, 2005, this Court notified appellant's appointed attorney, Thomas C. Moore, of the defect and also explained that if no response was received by July 11, 2005, the appeal would be abated pursuant to Rule 38.8(b) of the Texas Rules of Appellate Procedure.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.   whether appellant desires to prosecute the appeal;
2.   whether appointed counsel for appellant has abandoned the appeal; and
3.   whether appellant has been denied effective assistance of counsel given his attorney's failure to file a brief.

The trial court shall cause a hearing to be transcribed. Should it be determined that appellant does want to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a

supplemental clerk's record.  A supplemental record of the hearing shall also be included in the appellate record.  Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, September 2, 2005.

It is so ordered.

Per Curiam

Do not publish.

3